**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Everardo Lopez, Jr., | |
| Petitioner, | No. CV-08-1469-PHX-PGR |
| vs. | |
| Charles L. Ryan, et al., | ORDER |
| Respondents. | |

On October 14, 2009, the Court entered a Judgment (Doc. 19) that denied and dismissed with prejudice the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.  On October 1, 2010, the petitioner filed a Notice of Appeal to Ninth Circuit Court of Appeals From Order of United States District Court and Waiver of Time to File (Doc. 20), wherein he requests that he be granted a waiver of the time to file a notice of appeal pursuant to Fed.R.App.P. 4, that he be issued a certificate of appealability pursuant to Fed.R.App. 22(b), and that he be allowed to appeal in forma pauperis.  The Court cannot grant any of the petitioner's requests.

First, the Court cannot at this late date grant the petitioner the extension of time to file an appeal.  Pursuant to 28 U.S.C. § 2107(a) and Fed.R.App.P.

4(a)(1)(A), a notice of appeal in a civil case must be filed within 30 days after the entry of the judgment being appealed. An appeal from the denial of a habeas petition is considered a "civil" matter for purposes of these time limitations. Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir.1988). Since the 30-day appeal deadline is mandatory and jurisdictional, the Court only has the authority to extend it as provided in 28 U.S.C. § 2107(c) and Fed.R.App.P. 4(a)(5) and/or (6), Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360 (2007), and the petitioner clearly failed to seek an appeal extension within the limited time provided by federal law.[1] To the extent that the petitioner seeks to have the Court create an equitable exception to the appeal deadline, the Court has no authority to do so. *Id.* at 214, 127 S.Ct. at 2366.

Second, the petitioner is not entitled to a certificate of appealability because (1) as to the habeas claims denied on their merits, the petitioner has not made a substantial showing of the denial of a constitutional right, and (2) as to the habeas claims found to be procedurally defaulted, the dismissal was justified

---

[1]

The controlling statute, 28 U.S.C. § 2107(c), provides:

The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds -
   (1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
   (2) that no party would be prejudiced,
the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry or the order reopening the time for appeal.

by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Third, the petitioner is not entitled to proceed on appeal in forma pauperis because the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that the appeal is not taken in good faith inasmuch as it is time-barred. Therefore,

IT IS ORDERED that the petitioner's motion for an extension of time to appeal (Doc. 20) is denied.

IT IS FURTHER ORDERED that the petitioner's motion for the issuance of a certificate of appealability (Doc. 20) is denied.

IT IS FURTHER ORDERED that the petitioner's motion to proceed on appeal in forma pauperis (Docs. 20 and 22) is denied.

DATED this 5th day of October, 2010.

_____
Paul G. Rosenblatt
United States District Judge